IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMIR LAKHOUIRI,

        Plaintiff,

        v.

PATRICK WOLKE, et al.,

        Defendants.

Case. No. 1:24-cv-1305-CL

OPINION & ORDER

MCSHANE, Judge:

*Pro se* plaintiff Samir Lakhouiri seeks leave to proceed *in forma pauperis* (IFP). This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

Although the Complaint is somewhat unclear, Plaintiff clearly is dissatisfied with the result of child custody proceedings that occurred in state court. Plaintiff attempts to bring claims against Patrick Wolke and Robert Bain, judges in Josephine County. Compl. 2; ECF No. 1. Plaintiff also names John Burdick, Court Commissioner in San Bernadino County, the San Bernadino County Sheriff, the Grants Pass Police Department, and the states of Oregon and

1 – Opinion & Order

California as Defendants. Compl. 2–3. Plaintiff alleges Defendants "deprived Plaintiff of his parental rights through unauthorized court orders, false police reports, and judicial misconduct." Compl. 6. Plaintiff alleges that back in March 2017, Judge Patrick Wolke permitted discriminatory cross-examination by Attorney Brett Claar regarding Plaintiff's citizenship." Compl. 6. Plaintiff alleges the mediator was biased and "every document filed by Respondent or her attorney, or Mediator [sic] is false with intent." In 2022, "Judge Robert Bain facilitated continued deprivation of Plaintiff's parental rights by not upholding true judicial integrity." Compl. 7. Plaintiff challenges the restraining order issued against him in March 2024. Compl. 7. Plaintiff alleges "Defendant judges and officials consistently acted against the best interests of Plaintiff by ignoring evidence, delaying judicial processes, and allowing baseless accusations." Compl. 7. Plaintiff alleges "Consistent interference with Plaintiff's legal rights to visitation and custody." Compl. 8. Plaintiff alleges "The unauthorized actions and judicial failures have led to the disintegration of my family unit, causing irreparable harm that severely affects both me and my children. This disruption results in loss of stability and security that money cannot restore." Compl. 9.

For his requested relief, Plaintiff asks the Court to "rectify the violations of [Plaintiff's] rights . . . including halting the restraining order issued against me by unauthorized Court Commissioner." Compl. 10. Plaintiff also seeks "immediate Enforcement" of: "the Virtual Visits through Zoom as ordered by Court on January 11, 2024. . . . lunch visitations as ordered by Court on January 11, 2024. . . . Supervised visitations, at least until the hearing." Compl. 10.

Plaintiff's federal Complaint is clearly an attempted end run around state court proceedings and is therefore barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state

2 – Opinion & Order

court decisions." *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Perhaps more importantly, federal courts are also generally prohibited from interfering in issues of domestic relations. This exception applies to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992).

Additionally, to the extent his custody proceedings are ongoing (and the Complaint indicates they are), *Younger* abstention bars Plaintiff's claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeings. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Finally, to the extent Plaintiff brings claims against judges for their actions in state court proceedings, the claims are barred by judicial immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). That absolute immunity applies not only to judges, but also "for advocates and witnesses" involved in the proceedings. *Id.* Therefore, to the extent Plaintiff challenges "judicial mistakes or wrongs," such challenges must come "through ordinary mechanisms of review," i.e., the appellate process. *Id.*

/ / / /

/ / / /

/ / / /

3 – Opinion & Order

As this Court lacks jurisdiction over Plaintiff's claims, the claims must be dismissed. Plaintiff's application for leave to proceed in forma pauperis and motion for a temporary restraining order are DENIED. Any outstanding motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of August, 2024.

                                                                       /s/ Michael McShane
                                                                    Michael McShane
                                                         United States District Judge